IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:94 CR 003

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| STANLEY MAC CASE. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard before the undersigned, pursuant to a letter (#66) dated December 23, 2012 forwarded to the undersigned by Defendant in which Defendant ask that substitute counsel be appointed to represent him in this matter. At the call of this matter on for hearing it appeared that Defendant was present with his counsel Walter Daniels and the government was present and represented through Assistant United States Attorney Richard Edwards. From the statements of Mr. Daniels, the Defendant, and the Assistant United States Attorney, the Court makes the following findings.

**Findings.** After the call of this matter the undersigned conducted a sealed hearing with Defendant and his counsel. The contents of the sealed hearing shall appear of record. After conducting the sealed hearing and having discussion with Defendant and with Mr. Daniels, the undersigned then went back into open court.

1

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986) The determination of whether or not a motion for substitution of counsel should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983) In considering the letter presented by Defendant, which the undersigned has considered to be a motion for substitution of counsel, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why Defendant has made the request for substitution of counsel; and (3) whether or not there is such a conflict between Defendant and Mr. Daniels that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988)

Defendant's letter (#66) to the Court is dated December 23, 2012 and was filed on January 2, 2013. The undersigned scheduled a hearing and heard the matter on January 9, 2013. The proceedings against Defendant arise out of a petition alleging that Defendant has violated terms and conditions of his supervised release. The hearing regarding the petition before the District Court is scheduled for January 23, 2013 which would provide only two weeks for substitute counsel to

be prepared for the hearing in this case. The undersigned must weigh that timing against granting the request of Defendant.

The undersigned inquired as to the reasons for the conflict between Defendant and Mr. Daniels. The inquiry was conducted as a sealed proceeding and will appear of record. After hearing from both Mr. Daniels and Defendant, the undersigned has determined to weigh the information contained in the sealed hearing in favor of granting the request of Defendant.

The undersigned has further examined this matter to determine whether or not there is such a conflict between Mr. Daniels and Defendant there is a total lack of communication between them preventing an adequate defense. It does not appear there is a conflict between Defendant and Mr. Daniels but it does appear there has been a complete lack of communication between Defendant and his attorney. The undersigned will weigh this factor in favor of granting the request of Defendant.

After considering all of the above referenced factors, it appears there is little time before trial within which to appoint another attorney to represent Defendant. As a result of the inquiry made by the undersigned, it appears there is sufficient reason to appoint another attorney in that there does appear to be a lack of communication between Defendant and his counsel. After weighing all of the

factors, the undersigned has determined that their weight should be in favor of granting the request of Defendant to substitute counsel. Based upon the foregoing, the undersigned has determined to enter an Order allowing Defendant's motion (#66) to substitute counsel and order the appointment of substitute counsel.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the motion to substitute counsel (#66) of Defendant is hereby **ALLOWED** and it is ordered that Walter Daniels is hereby removed as counsel for Defendant in this case. It is further ordered that the Federal Defenders Office shall immediately appoint substitute counsel to represent Defendant in this matter.

Signed: January 11, 2013

Dennis L. Howell
United States Magistrate Judge